UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUMA PRESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INSIDER MEDIA GROUP, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Zuma Press, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Insider Media Group ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff herein employs photographers to create photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant is a news and media company which owns and operates a website at URL: www.insider.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Zuma Press, Inc. is a California corporation and maintains a principal place of business in Orange County, California.

6. Upon information and belief, defendant Insider Media Group, is a New York Corporation with a principal place of business at One Liberty Plaza, New York in New york

County, New York.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.   Plaintiff's Copyright Ownership**

10. Leslie Spurlock is a professional photographer by trade who is the legal and rightful owner of photographs by which Spurlock has provided an exclusive license to Plaintiff to distribute, display, and sublicense the photographs.

11. Spurlock has invested significant time and money in building Plaintiff's photograph portfolio.

12. Spurlock has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Spurlock's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Plaintiff acquired copyright interests in and to Spurlock's photographs described herein by virtue of a written exclusive copyright license.

15. Plaintiff is afforded the right to pursue copyright infringements for, but not limited to, the infringement of the photographs in this complaint.

16. On August 2, 2020, Spurlock authored a photograph of a man carrying a weapon at a protest in Arkansas. ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively

as Exhibit 1.

17. In creating Photograph 1, Spurlock personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

18. On August 7, 2020, Photograph 1 was registered by USCO under Registration No. VA 2-215-137.

19. Spurlock created Photograph 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

20. On August 2, 2020, Spurlock authored a photograph of a local resident who is armed while watching protesters in Arkansas ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

21. In creating Photograph 2, Spurlock personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

22. On August 7, 2020, Photograph 2 was registered by USCO under Registration No. VA 2-215-137.

23. Spurlock created Photograph 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

24. All of the individual photographs herein listed above are referred to throughout the balance of this Complaint as the "Photographs".

B.  **Defendant's Infringing Activity**

25. Defendant is the registered owner of the Website and is responsible for its content.

26. Defendant is the operator of the Website and is responsible for its content.

27. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

28. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

29. On or about August 4, 2020, Defendant displayed Photograph 1 on the Website as part of an on-line story at URL https://www.insider.com/arkansas-black-lives-matter-protester-

flamethrower-militia-2020-8 ("Infringement 1"). A copy of a screengrab of the Website including Photograph 1 is attached collectively hereto in <u>Exhibit 2</u>.

30. Photograph 1 was stored at URL: https://scontent-lga3-1.xx.fbcdn.net/v/t1.0-0/p403x403/116693647_383461799307547_6372190607701004912_n.jpg?_nc_cat=111&_nc_sid=110474&_nc_ohc=-cwRCxjzV-UAX-mW88u&_nc_ht=scontent-lga3-1.xx&_nc_tp=6&oh=a3cae2bd71680f6116c4631560bac512&oe=5F583CF2.

31. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on the Website.

32. Plaintiff first observed and actually discovered Infringement 1 on August 4, 2020.

33. On or about August 04, 2020, Defendant displayed Photograph 2 on the Website as part of an on-line story at URL https://www.insider.com/arkansas-black-lives-matter-protester-flamethrower-militia-2020-8 ("Infringement 2"). A copy of a screengrab of the Website including Photograph 2 is attached collectively hereto in <u>Exhibit 2</u>.

34. Photograph 2 was stored at URL: https://scontent-lga3-1.xx.fbcdn.net/v/t1.0-0/p403x403/116693647_383461799307547_6372190607701004912_n.jpg?_nc_cat=111&_nc_sid=110474&_nc_ohc=-cwRCxjzV-UAX-mW88u&_nc_ht=scontent-lga3-1.xx&_nc_tp=6&oh=a3cae2bd71680f6116c4631560bac512&oe=5F583CF2.

35. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 2 on the Website.

36. Plaintiff first observed and actually discovered Infringement 2 on August 4, 2020.

37. Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

38. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific

4

Infringements. *17 U.S.C. §106(5).*

39. The Infringements are exact copy of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

40. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

41. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to TAYLOR ARDREY whose DEFENDANT WEBSITE lists HER as a NEWS REPORTER (the "*Employees*").

42. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

43. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

44. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

45. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

46. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

47. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

48. Upon information and belief, Defendant monitors the content on its Website.

49. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

50. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its revenues.

51. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

52. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

53. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

54. Defendant's use of the Photographs harmed the actual market for the Photograph.

55. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photograph.

56. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

57. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

58. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

59. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

60. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

61. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced,

distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

63. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Website.

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

65. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

67. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

7

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringementss as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f. for pre-judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: June 29, 2023

**SANDERS LAW GROUP**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124874

*Attorneys for Plaintiff*